**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| RUFUS GILMORE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-02-S-2795-NE |
| | ) | |
| ALABAMA AGRICULTURAL & | ) | |
| MECHANICAL UNIVERSITY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Rufus Gilmore, III, commenced this suit on October 1, 2002, in the Circuit

Court of Madison County, Alabama, naming as defendants to his claims Alabama A & M

University ("A & M"), plaintiff's employer, John Gibson, the president of A & M, and the

individual members of A & M's Board of Trustees.[1]  Plaintiff sued all individual defendants

in both their individual and official capacities.[2]  Plaintiff's complaint included the following

five counts: (1) declaratory and injunctive relief under Alabama law; (2) breach of contract;

(3) petition for writ of mandamus or writ of certiorari; (4) deprivation of due process under

Alabama law; and (5) deprivation of due process under the United States Constitution.[3]

Defendants removed the action to this court on November 15, 2002, asserting that this court

---

[1]Doc. no. 1 (complaint, appended to notice of removal).  The individual members of A & M's Board of Trustees named in plaintiff's complaint were Jessie Cleveland, Marie Blackwell, Jerry Crutcher, O'Neil Culver, Richard Davis, Emma Melton, Robert Holmes, George Ponder, Shefton Riggins, Richard Showers, and Troy Massey.  Plaintiff's complaint also originally named fictitious defendants A,B,C,D,E, and F. However, because there is no fictitious party practice in federal court, the fictitious defendants are no longer parties to this action.

[2]*See id.*

[3]*Id.*

has original jurisdiction over plaintiff's federal due process claim pursuant to 42 U.S.C. § 1983.[4]   Defendants filed a motion to dismiss on November 22, 2002,[5] which was accompanied with evidentiary materials; accordingly, the court converted the motion to dismiss to a motion for summary judgment.[6]  Plaintiff responded to the motion on January 2, 2003,[7] and submitted evidence to support his response.[8]

## I. STATEMENT OF FACTS

Plaintiff alleges that he has been employed by A & M since 1976, that he holds tenure in his employment, and that he became Assistant to the President for Financial Analyses & Reporting in 1997.[9]  According to plaintiff, he received a salary of $5,974 a month in 1997, and he was entitled to a salary increase to $6,333.33 a month for the 2000-01 school year.[10] However, plaintiff states that he did not receive a salary increase; rather, he claims his salary

---

[4]*Id.* (notice of removal).  The complaint specifically states, "[t]he actions perpetrated upon Gilmore by all Defendants hereto, in their individual and official capacities, were accomplished under color of state law, statute, ordinance, regulations, custom or usage in violation of the United States Constitution as applied to the States by 42 U.S.C. § 1983." *Id.* (complaint) at Count Five.  Supplemental jurisdiction also exists over plaintiff's state law claims because they are so related to the federal claim that they "form part of the same case or controversy. . . ." *See* 28 U.S.C. § 1367.

[5]Doc. no. 3.

[6]Doc. no. 6.  If matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986).  This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact. *But see Denis v. Liberty Mutual Insurance Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (recognizing an exception to the requirement that the court afford plaintiff notice of its intent to convert and an opportunity to supplement the record); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (same).

[7]Doc. no. 9.

[8]Doc. no. 8.

[9]Plaintiff's evidentiary submissions (Gilmore affidavit) at 1.

[10]*Id.*

was reduced to $4,750.00 a month for the 2000-01 school year.[11]  Plaintiff further alleges that

he did not receive a hearing before his salary was reduced.[12]

The Alabama A & M Faculty/Administrative Staff Handbook sets forth the

University's policy regarding salary increases.  The handbook states that

> It is the intent of the University to remunerate its employees as
> adequately and competitively as is practically feasible within the limitations
> of State appropriations and other financial resources.  A prevailing basic salary
> scale will be developed and distributed to employees at he [sic] beginning of
> each academic year along with continuing employment offers.  The University
> policy is to maintain salary schedules for all classifications of positions
> reflecting essentially equal pay for equal work.  Adequate consideration will
> be given to the duties, responsibilities, requirements, level of required training
> and the availability of positions in the job market.  The University will
> endeavor to provide competitive compensation with other universities and
> private and public employers in this locality.  Compensation and policies must
> be reconciled with budgetary constraints, availability of funds, financial status
> of the University, and budgetary action of the Board of Trustees.[13]

The handbook further states that salary increases will occur once a year "[w]henever fiscally

possible," and will be based on the employee's "performance evaluation."[14]  University

policy also provides for increases in salary for employees receiving promotions, but only

"[w]henever fiscally possible."[15]

The Faculty/Administrative Staff Handbook also "set[s] forth policies and procedures

which govern and dictate the procedures by which employees of Alabama A & M University

---

[11]*Id.*

[12]*Id.* at 2.

[13]Defendant's evidentiary submissions, Tab A, Exhibit 1 at 71.

[14]*Id.*

[15]*Id.* at 72.

may file grievances for matters arising out of the terms and conditions of employment."[16] An employee may file a grievance if he feels that his "employment rights and entitlements have been adversely affected due to a violation, misapplication or misinterpretation of policies, regulations or procedures."[17] The grieving employee may request a hearing, and the Grievance Committee[18] decides whether to grant the request.[19] If a hearing is held, the employee has a right to "present the testimony of witnesses and other evidence, to confront and cross-examine adverse witnesses and examine all documents and other adverse demonstrative evidence."[20] The employee may seek the advice of counsel before the hearing, but counsel may not participate in the hearing itself.[21] The findings of the Grievance Committee are reviewed by a University Vice President, and the Vice President's decision may be appealed to the University President.[22]

Plaintiff states that he filed a grievance with the Grievance Committee, and that the Committee ruled in his favor during April of 2001.[23] Plaintiff's salary was restored to $6,333.33 a month in October of 2001,[24] which defendants argue was the result of his

---

[16]Defendant's evidentiary submissions, Tab A (Thompson affidavit) at 2.

[17]Defendant's evidentiary submissions, Tab A, Exhibit 1 at 64.

[18]The Grievance Committee is composed of four elected faculty members from each academic school or college and three professional staff members appointed by each school or college Vice President. Members of the committee serve a one-year term of office, but faculty members on the committee may be elected to three successive terms. *Id.* at 67-68.

[19]*Id.* at 64-65.

[20]*Id.* at 65.

[21]*Id.*

[22]*Id.* at 66-67.

[23]Plaintiff's evidentiary submissions (Gilmore affidavit) at 1.

[24]*Id.* at 2.

following the grievance procedure.[25]  However, plaintiff alleges his salary restoration was not the result of the grievance procedure, but of additional efforts he made after the grievance procedure had been exhausted.[26]  Plaintiff further alleges that he has unsuccessfully attempted to obtain compensation from A & M for the amounts withheld from his salary during the pendency of the grievance procedure.[27]

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, cross-claim, or counterclaim on which there is no genuine issue of material fact, and upon which the moving party is entitled to prevail as a matter of law.

> The judgment sought *shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c) (emphasis supplied).  Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  The motion pierces the pleadings, and "strikes at the heart of the claim.  In effect it argues

---

[25]*See* doc. no. 14 (defendant's "Memorandum of Law in Support of Motion to Dismiss") at 11.
[26]Plaintiff's evidentiary submissions (Gilmore affidavit) at 2.
[27]*Id.*

that as a matter of law upon admitted or established facts the moving party is entitled to prevail." Charles Alan Wright, *The Law of Federal Courts* § 99, at 705 (5th ed. 1994).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact to be decided at trial. *See, e.g., Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the opposing party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *See Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.

When the moving party has discharged its burden, the opposing party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Jeffery*, 64 F.3d at 593. The non-moving party must come forward with more than a "mere 'scintilla'" of evidence; instead, "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-moving party, and, to resolve all reasonable doubts in that party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). Inferences in

favor of the non-moving party are not unqualified, however.  "[A]n inference is not

reasonable if it is only a guess or a possibility, for such an inference is not based on the

evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692

F.2d 1321, 1324 (11th Cir. 1983).  Moreover, inferences that are "merely colorable,"[28]

conclusory,[29] conjectural, or "not significantly probative"[30] do not create a genuine issue of

material fact.  "Mere general allegations which do not reveal detailed and precise facts will

not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43

F.3d 587, 592 (11th Cir. 1995) (citation omitted).  In short, to avoid summary judgment, the

opposing party must come forward with specific facts that are "material and of a substantial

nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural,

speculative, nor merely suspicious." *American Lease Plans, Inc. v. Silver Sand Co. of

Leesburg, Inc.*, 637 F.2d 311, 315 (5th Cir. 1981).[31]

Thus, if a reasonable fact finder evaluating the evidence could draw more than one

inference from the facts, and if that inference introduces a genuine issue of material fact, then

the court should not grant summary judgment. *See Augusta Iron & Steel Works v. Employers

Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988).  A "genuine" dispute about a

---

[28]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988).

[29]*See Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 949 (11th Cir. 1993); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

[30]*Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2510-11.

[31]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

material fact exists if the "evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson*, 477 U.S. at 248, 106 S.

Ct. at 2510).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves*

*v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also Four Parcels of Real Property*,

941 F.2d at 1437. The bottom line is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S. Ct. at 2512.

## III. DISCUSSION

### A.    Plaintiff's Federal Procedural Due Process Claim

Plaintiff's federal due process claim alleges that defendants' failure to "provide [him]

with notice or a hearing concerning reduction of his salary . . . deprived him of a

constitutionally-protected property interest by state action . . . ."[32] Although plaintiff does

not specify whether his claim is one for substantive or procedural due process, plaintiff's

references to "notice" and a "hearing" make it clear that plaintiff's due process claim is

procedural in nature. *See McKinney v. Pate*, 20 F.3d 1550, 1559 (11th Cir. 1994) ("Whether

---

[32]Doc. no. 1 (complaint, appended to notice of removal) at Count Five.

an individual complains that a state lacks constitutionally adequate procedures for termination of employees or asserts that his particular hearing was not fair and impartial, he has raised only procedural due process concerns."). Indeed, plaintiff's argument in his reply brief is phrased in terms that are synonymous with a procedural due process claim.[33]

The Eleventh Circuit has held that "[t]he success of due process arguments depends upon the finding of a constitutionally protected property interest in the expectation of continued employment or of a liberty interest having been infringed upon by the State; absent such interest, no due process protections attach." *Gray v. Board of Regents of the University System of Georgia,* 150 F.3d 1347, 1350 (11th Cir. 1998) (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569-70, 92 S. Ct. 2701, 2705, 33 L. Ed. 2d 548 (1972)); *see also Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1486 (11th Cir. 1992) ("When reviewing a due-process claim, the threshold question is whether plaintiffs were deprived of a protected property or liberty interest."). This court is of the opinion that plaintiff does not possess a constitutionally-protected property interest in receiving a particular salary, or in not having his salary reduced.

It is well-settled that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S. Ct. at 2709. Further, the Supreme Court has stated that "[p]roperty interests . . . are not created by the Constitution. Rather they are created and their dimensions

---

[33]*See* doc. no. 9 ("Plaintiff's Brief in Opposition to Motion to Dismiss").

are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Plaintiff has cited no case, and this court has found none, which holds that a public employee always has a constitutionally-protected property right, either in not having his salary reduced, or in receiving a salary increase. Rather, the cases plaintiff cites all deal with employment *termination* decisions. *See, e.g., Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) (state civil service law provided plaintiff with a property interest in his employment which prevented him from being *terminated* without due process of law)*; Perry v. Sinderman,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972) (plaintiff had property right sufficient to protect him from being *terminated* without due process of law on the basis of an unwritten understanding with his employer that was the equivalent of tenure); *Roth,* 408 U.S. 564, 92 S. Ct. 2701 (plaintiff did not have a property interest in his employment; thus, he could constitutionally be *terminated* without due process being provided).

The Eleventh Circuit has recognized a constitutionally-protected property right in employment sufficient to prevent adverse decisions not rising to the level of termination, but only when the right was clearly set forth in an administrative rule or in applicable case law, or when the right was in property that constituted a precondition to employment. *Compare El Shahawy v. Harrison,* 875 F.2d 1529, 1532 (11th Cir. 1989) (physician had a constitutionally-protected property interest in medical staff privileges when the hospital's

bylaws provided for such privileges and when circuit precedent had clearly and consistently recognized the property interest in factually similar circumstances); *Pastrana v. United States,* 746 F.2d 1447, 1450 (11th Cir. 1984) (pilot had a constitutionally-protected property interest in his pilot certificate because it was "a predicate to his employment as a pilot") *with Oladeinde,* 963 F.2d at 1486 ("'The internal transfer of an employee, unless it constitutes such a change of status as to be regarded essentially as a loss of employment, does not provide the additional loss of a tangible interest' that deserves Fourteenth Amendment protection.") (quoting *Fauchner v. Rodziewicz,* 891 F.2d 864, 869 (11th Cir. 1990)).

In the absence of any "statute, rule, or understanding upon which [a] plaintiff could rely for a legitimate claim of entitlement to a pay raise," the Eleventh Circuit has refused to recognize a "constitutionally protected property interest to serve as the basis of a due process claim." *Estes v. Tuscaloosa County,* 696 F.2d 898, 901 (11th Cir. 1983) (citing *Roth,* 408 U.S. 564, 92 S. Ct. 2701). Similarly, the Eleventh Circuit has held that a government employee presented no constitutionally-protected property interest "in the mere recommendation for a raise" when the employer refused to approve the raise due to the employee's unsatisfactory job performance. *Doyle v. University of Alabama in Birmingham,* 680 F.2d 1323, 1326 (11th Cir. 1982). Further, other district courts within the Eleventh Circuit have held that government employees do not have a constitutionally-protected property interest in receiving salary increases. *See Cook v. Ashmore,* 579 F. Supp. 78, 84 (N.D. Ga. 1984) (plaintiff was not entitled to a salary increase, even though he had received similar increases in the past, because he could point to "no statute, rule, regulation, policy,

or contractual term that reasonably could be read as providing him with an entitlement to these benefits"); *Ballard v. Blount*, 581 F. Supp. 160, 165 (N.D. Ga. 1983) (plaintiff had no constitutionally protected property right in receiving a merit salary increase when the merit increases were "designed to serve as a reward for an acceptable teaching performance").

In this case, plaintiff presents no "legitimate claim of entitlement" sufficient to create a constitutionally protected interest in not having his salary reduced, or in receiving a salary increase. *See Roth,* 408 U.S. at 577, 92 S. Ct. at 2709. He may have had a unilateral *expectation* of receiving a certain salary, but he has provided no proof of any rule, regulation, or understanding that would afford him constitutional protection. Instead, plaintiff offers only his conclusory allegation that defendants "deprived him of a constitutionally-protected property interest by state action."[34]

Plaintiff also makes a passing reference to his entitlement to a salary increase under the "Alabama A & M University Compensation Plan,"[35] but he did not produce a copy of the Compensation Plan, he did not cite to any specific provision of the plan, and he did not explain why the plan entitles him to a salary increase. However, even without considering the Compensation Plan, other University policies make it clear that A & M does not intend to guarantee any of its employees the receipt of any certain salary.

The A & M Faculty/Administrative Staff Handbook reflects the general idea that, even though the University strives to provide its employees with reasonable, competitive

---

[34]Doc. no. 1 (complaint, appended to notice of removal) at ¶ 25.

[35]Doc. no. 9 (plaintiff's brief in opposition to motion to dismiss) at 1.

compensation, the level of any compensation it may issue always is subject to fiscal and budgetary constraints. The handbook also makes it clear that an employee's compensation level depends on factors such as the employee's "duties, responsibilities, requirements, level of required training and the availability of positions in the job market." Additionally, merit increases are discretionary, depending on the employee's performance. These University policies may have been sufficient to give plaintiff an *expectation* of receiving a salary increase, or of continuing to receive his existing salary, but they provide no constitutional entitlement. Plaintiff's ability to receive any increase in his salary is clearly subject to A & M's discretion and to conditions beyond plaintiff's and the University's control.

Plaintiff also alleges that A & M itself recognized his property interest in his salary when it restored his salary to $6,333.33 a month in October 2001.[36] However, A & M's action in restoring plaintiff's salary only demonstrates that A & M recognizes plaintiff was entitled to that salary *as of October 2001*. It does not show that A & M recognized any entitlement of plaintiff to a $6,333.33-per-month salary for the duration of the 2000-01 school year, the time period for which plaintiff alleges the due process violation. In fact, because A & M has refused to reimburse plaintiff for any amounts allegedly withheld from his salary during the 2000-01 school year, it seems clear that A & M's position is that plaintiff did *not* have any right to receipt of a $6,333.33 salary during that period of time.

Plaintiff has not come forward with specific facts to show that he has a constitutional entitlement to a salary increase or to maintained receipt of any certain salary. Therefore,

---

[36]Doc. no. 9 (plaintiff's brief in opposition to motion to dismiss) at 3.

even viewed in the light most favorable to plaintiff, as they must be in this summary judgment stage, plaintiff's conclusory allegations do not carry his burden in opposing the defendants' motion for summary judgment. Because plaintiff has not demonstrated any constitutionally protected property interest in his salary, defendants cannot be held liable for any federal due process violation.[37] *See Gray,* 150 F.3d at 1350; *Oladeinde,* 963 F.2d at 1486.

**B.    Plaintiff's State Law Claims**

All of plaintiff's remaining claims are based upon the substantive law of the State of Alabama.[38] This court's jurisdiction over these pendent state law claims is governed by 28 U.S.C. § 1367(a), which provides that:

> in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Even so, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This court exercises its discretion and declines to

---

[37]Because defendants cannot be held liable for any federal due process violation, the issues of immunity raised in defendants' summary judgment brief need not be considered. *See* doc. no. 4 (memorandum of law in support of motion to dismiss) at 12-23.

[38]Plaintiff's claims for declaratory and injunctive relief (*see* doc. no. 1 (complaint, appended to notice of removal) at Count One), and his claim for writ of mandamus, or writ of certiorari (*see id.* at Count Three), have a federal component, insofar as they seek to redress violations of federal law. However, because this court finds that defendants have not violated any federal law, no injunctive, declaratory, mandamus, or certiorari relief can be awarded on plaintiff's federal due process claims. The claims for injunctive, declaratory, mandamus, and certiorari relief may remain, but only to the extent they seek to remedy violations of state law.

-14-

exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the remaining state law claims are due to be remanded to the Circuit Court of Madison County, Alabama, from which this case was removed.

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **26**ᵗʰ day of September, 2003.

_____
United States District Judge